**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4170**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AKIL DORSEY, a/k/a Thomas Michael Reed, a/k/a Kil Dorsey,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Peter J. Messitte, Senior District
Judge. (8:07-cr-00404-PJM-1)

———————

Submitted: December 30, 2009     Decided: January 14, 2010

———————

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Joanna Silver, Assistant
Federal Public Defender, Greenbelt, Maryland; Martin G. Bahl,
Staff Attorney, Baltimore, Maryland, for Appellant. Rod J.
Rosenstein, United States Attorney, Mushtaq Z. Gunja, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Akil Dorsey pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2006). The Sentencing Guidelines called for a sentencing range of 262 months to 327 months, and Dorsey received a 300-month sentence. Dorsey now appeals, claiming the district court imposed a procedurally unreasonable sentence because it did not address the arguments of counsel, focused almost entirely on Dorsey's danger to the community, and did not explain why a 300-month sentence was necessary to meet the statutory goals of sentencing. Finding no error, we affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory Guidelines range, this court must assess whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. We presume a sentence within the advisory Guidelines range is reasonable. Id.; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Moreover, the court must give due deference to the district court's decision that the 18 U.S.C. § 3553(a)

2

factors justify the sentence.  Gall, 552 U.S. at 51.  Even if the reviewing court would have imposed a different sentence, this fact alone is insufficient to justify reversing the district court's judgment.  United States v. Evans, 526 F.3d 155, 160 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008).

In this case, the district court complied with § 3553(a) and this court's sentencing precedent.  The district court began the sentencing proceeding with a lengthy discussion of the Presentence Investigation Report.  Then, after hearing sentencing arguments from the Government, Dorsey's attorney, and Dorsey himself, the district court expressed its concern about Dorsey's conduct and his criminal history.  Further, the district court referred to the need to protect the public, as well as the need to deter Dorsey and others from carrying weapons.  On this record, we conclude Dorsey has not rebutted the presumption that his sentence was reasonable.

We accordingly affirm Dorsey's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED